UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carol Kuechle,

Plaintiff,

Vs.

Seagate Technology, Inc.,

Defendant.

COURT FILE NO. 00-1704 JMR/FLN

**STIPULATION**

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, through their respective counsel, that all discovery conducted in this action be subject to a Protective Order in the form attached hereto as Exhibit A.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation together with a Protective Order in the form attached hereto as Exhibit A may be presented to the court for entry without hearing or appearance by counsel.

Dated: 7/30/01, 2001

**JILL CLARK, P.A.**

By: [signature]
Jill Clark #197988
Attorneys for Plaintiff
2005 Aquila Avenue North
Golden Valley, MN 55427
(763) 417-9112

Dated: 7/18, 2001

**MOSS & BARNETT, P.A.**

By: [signature]
James F. Baldwin, #149263
H. Le Phan, #274008
Attorneys for Defendant
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
(612) 347-0300

381886/1



AUG 0 2 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carol Kuechle,

Plaintiff,

vs.

Seagate Technology, Inc.,

Defendant.

COURT FILE NO. 00-1704 JMR/FLN

**PROTECTIVE ORDER**

The above-entitled matter was presented before the undersigned on 8-1, 2001. Appearances of counsel were duly noted.

Based upon all the files, records and proceedings herein, including arguments of counsel,

IT IS HEREBY ORDERED:

1. Until further order of this Court or Stipulation by Seagate Technology, Inc. and Carol Kuechle, discovery in this action shall be subject to this Protective Order.

2. All "confidential information" produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation.

3. "Confidential information" as used herein means any type or classification of information which is designated herein as confidential, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an answer to an interrogatory, information obtained through subpoena from any source or otherwise.

4. "Confidential information" shall not be disclosed to any person except counsel for



FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the parties, their respective staffs, parties to the action, witnesses, known or prospective, and experts retained for this action. All persons to whom counsel discloses any "confidential information" shall, before receiving such disclosure, be furnished a copy of this Protective Order, be instructed by counsel that such information must be kept confidential and be used only in preparation for pretrial and trial of this action, and sign the "Agreement To Be Bound By Protective Order," a copy of which is attached hereto as Exhibit A. However, nothing contained herein shall prohibit or preclude any person from testifying under oath in any depositions, hearing or trial in this action regardless of whether such testimony is based on or related to information that became known to the person testifying by virtue of the dissemination of the "confidential information" as referred to herein.

5. "Confidential information" shall include all information, whether contained in documents, testimony or otherwise, that pertains to or includes any proprietary or trade secret information, including the personnel files, payroll documents or other information relating to Seagate, and all financial data of any nature whatsoever concerning Seagate. "Confidential information" shall also include all information, whether contained in documents, testimony or otherwise, whether produced by Ms. Kuechle or obtained through authorization that pertains to Ms. Kuechle's medical and/or psychological condition, or income tax information, and/or records relating to Ms. Kuechle or her spouse.

6. The inadvertent or unintended disclosure by the supplying party of "confidential information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in party by the supplying party's claim of confidentiality.

7. There shall be no reproduction whatsoever of "confidential information" except as required in this litigation. Copies, excerpts, or summaries of "confidential information" may be

shown or given to those authorized to receive "confidential information" pursuant to this Protective Order, and this Protective Order applies in full to any such copies, excerpts, or summaries.

8. Within sixty (60) days of the final termination of this action, including all appeals, counsel for the parties shall be responsible for returning to the supplying party (Seagate and/or Ms. Kuechle) all "confidential information," including originals, copies, excerpts, summaries or other materials derived from such information (but specifically excluding deposition transcripts, deposition summaries, and material subject to the protection of the work-product doctrine) that is in the possession, custody and/or control of the counsel, the party and /or anyone to whom such information was provided pursuant to this Protective Order.

9. The "Confidential information" shall remain confidential after the termination or conclusion of this action and may not be used in any other matter or for any other purpose without the prior written consent of Seagate or Ms. Kuechle.

11. The obligations set forth in this Protective Order shall not only be in force for the period of this litigation, but shall remain in effect subsequent to its termination so as to protect the confidentiality of the discovery.

Dated: Aug 2, 2001

Honorable Franklin L. Noel
Chief Magistrate Judge of District Court

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order entered in Carol Kuechle vs. Seagate Technologies, Inc., Civil No. 00-1704 JMR/FLN which is attached hereto as Exhibit 1, has read this Stipulation and Protective Order, and agrees to be bound by all of the provisions therein.

Dated:____________________ ____________________________________

Subscribed and sworn to before me

this______ day of _____________, 2001.

____________________________________
Notary Public

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500